UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
RUBEN CRUZ
on behalf of himself and
all other similarly situated consumers

                            Plaintiff,

        -against-


DIVERSIFIED CONSULTANTS, INC. D/B/A
DIVERSIFIED CONSULTANTS INTERNATIONAL

                            Defendant.

-----------------------------------------------------------

# CLASS ACTION COMPLAINT

## *Introduction*

1. Plaintiff Ruben Cruz seeks redress for the illegal practices of Diversified Consultants, Inc. d/b/a Diversified Consultants International ("Diversified"), concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

## *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Jacksonville, Florida.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Ruben Cruz*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. The debt was purportedly owed to T-Mobile.

11. The Plaintiff never had such an account with T-Mobile.

12. After being contacted by T-Mobile regarding this debt, Plaintiff informed T-Mobile that the account was not his.

13. Plaintiff nevertheless agreed to make payments towards this fraudulent debt, simply in order to prevent it from "hitting" his credit.

14. Yet, despite making payments on an account that was not even his, the account was ultimately assigned to Defendant Diversified for collections and subsequently reported by the Defendant to the credit bureaus.

15. The balance that Defendant was seeking to collect was therefore non-existent; the Defendant made the Plaintiff believe that he in fact owed such an amount to T-Mobile when it was not the case.[1]

---

[1] Vangorden v. Second Round, L.P., 897 F.3d 433 (2d Cir. 2018). Consumer stated a claim under §§ 1692e(2), 1692e(10), and 1692f(1) when she alleged that a collection letter falsely stated that she owed a debt and then requested payment on the alleged debt. Rejecting an argument by

16. The Defendant deceptively engaged in the collection of an invalid debt purportedly owed by the Plaintiff.

17. Section 1692e of the FDCPA states:

    "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (2) The false representation of --

    (A) the character, amount, or legal status of any debt."

18. Section 1692(f) of the FDCPA states:

    "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

19. Defendant Diversified misrepresented the legal status of the alleged debt, as the debt was not owed by the Plaintiff.[2]

---

the collector that § 1692g shielded it from liability, the Second Circuit held that "nothing in the text of the FDCPA suggests that a debtor's ability to state a § 1692e or § 1692f claim is dependent upon the debtor first disputing the validity of the debt in accordance with § 1692g." Finally, the court concluded that a letter misstating "the very existence" of a debt can mislead the least sophisticated consumer regardless of the intent of the collector.

[2] See Lee v. Kucker & Bruh, LLP, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013). ("Defendants argue that they are not liable for violating the FDCPA because they did not know that they were misrepresenting that Mr. Lee's account was delinquent. ([Footnote 1] Defendants rely on the decision in *Stonehart v. Rosenthal*, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001) (holding that to "state a claim under § 1692e(2) of the FDCPA, [the plaintiff] must show that [the debt collector] knowingly misrepresented the amount of the debt"), and similar district court cases inside and outside this circuit. These cases, however, are at odds with binding Second Circuit precedent.), See also Goldman v. Cohen, No. 01 Civ. 5952, 2004 U.S. Dist. LEXIS 25517, 2004 WL 2937793, at *10, n.11 (S.D.N.Y. Dec. 17, 2004), aff'd on other grounds, 445 F.3d 152 (2d Cir. 2006). (concluding that analysis in *Stonehart* contradicts the plain language of 1692k(c) and the law as stated by the Second Circuit). This argument is contrary to binding Second Circuit precedent. The Defendants here are strictly liable for their violation of § 1692e. This Court holds that the misrepresentation in the Three Day Notice, the Verification and the Petition for summary nonpayment eviction of a debt supposedly owed by Mr. Lee for rent and fuel charges, when in fact he was current on his payments, is a violation of § 1692e(2)(A)."), Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017). ("[S]ection 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt."))

20. Defendant Diversified further misrepresented the legal status of the alleged debt by furnishing the national credit bureaus with a statement, that the account had been "assigned to attorney." (see attached Exhibit)

21. Such language is a misrepresentation that an attorney is involved in the collection of the Plaintiff's account in violation of 15 U.S.C. § 1692e(3), and a false threat of legal action in violation of 15 U.S.C. § 1692e(5).

22. Section 1692e(3) forbids "The false representation or implication that any individual is an attorney or that any communication is from an attorney."

23. Section 1692e(5) forbids "The threat to take any action that cannot legally be taken or that is not intended to be taken."

24. Defendant Diversified violated 15 U.S.C. §§ 1692e(2)(A), 1692e(3), 1692e(5), 1692e(8), 1692e(10) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

25. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

26. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

27. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

28. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

29. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

30. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

31. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

32. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

33. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

34. Plaintiff re-states, re-alleges and incorporates herein by reference, paragraphs one (1) through one thirty-three (33) as if set forth fully in this cause of action.

35. This cause of action is brought on behalf of Plaintiff and the members of a class.

36. The class consists of all persons whom Defendant's records reflect resided in the State of New York who communicated with Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) Defendant

attempted to collect on a non-existent/fraudulent debt; and (b) when reporting the debt with the national credit bureaus, Defendant failed to report the disputed debt as disputed; and (c) the Defendant made false statements in violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(3), 1692e(5), 1692e(8), 1692e(10) and 1692f(1).

37. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. The class is so numerous that joinder of all members is impracticable, though the precise number of class members may be known only to the Defendant. Plaintiff estimates that each class has thousands of members.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who observed such language in their credit reports, furnished by the Defendant to the credit bureaus (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

38. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

39. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

40. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

41. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

42. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action;

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
June 8, 2020

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

RUBEN CRUZ - Experian  
Date of Report: Jun 8, 2020



# Collections

**DIVERSIFIED CONSULTANT**  
**831704XX**

| ACCOUNT DETAILS | | CONTACT INFORMATION | |
|---|---|---|---|
| Account Name | DIVERSIFIED CONSULTANT | 10550 DEERWOOD PARK BLVD | |
| Account # | 831704XX | JACKSONVILLE, FL 32256 | |
| Original Creditor | TMOBILE | (904) 247-5500 | |
| Company Sold | - | | |
| Account Type | COLLECTION | | |
| Date Opened | Jun 25, 2019 | | |
| Account Status! | - | | |
| Payment Status | Seriously past due date / assigned to attorney, collection agency, or credit grantor&apos;s internal collection department | | |
| Status Updated | Jun 01, 2019 | | |
| Balance | $1,663 | | |
| Balance Updated | Mar 08, 2020 | | |
| Original Balance | $1,963 | | |
| Monthly Payment | - | | |
| Past Due Amount | $1,663 | | |
| Highest Balance | - | | |
| Terms | 1 Month | | |
| Responsibility | Individual | | |
| Your Statement | - | | |
| Comments | - | | |

**PAYMENT HISTORY**

**2020**

| Jan | Feb | Mar | Apr |
|---|---|---|---|
|  |  | N |  |

| May | Jun | Jul | Aug |
|---|---|---|---|
|  |  |  |  |

| Sep | Oct | Nov | Dec |
|---|---|---|---|
|  |  |  |  |

**N** Negative  ☐ Data Unavailable

Summary › Accounts › **Collections** › Inquiries › Public Records › Credit Score